An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD STORLIE; AND JEANNE STORLIE,
Appellants,
vs.
CAM MORTGAGE TRUST 2013-1; AND BSI FINANCIAL SERVICES,
Respondents.

No. 65767

**FILED**

OCT 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev., Adv. Op. 48, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4) and (5) (2011); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. 470, 475, 255 P.3d 1275, 1278-79 (2011).

Appellants contend that respondent CAM Mortgage Trust 2013-1 failed to produce the documentation necessary to show that it was entitled to enforce appellants' promissory note. We disagree. CAM Mortgage produced appellants' original note, which contained an endorsement in blank by appellants' original lender. Once the note was endorsed in blank, it became payable to bearer, meaning that the entity possessing the note was entitled to enforce it. *See* NRS 104.3109(3) ("An instrument payable to an identified person may become payable to bearer

SUPREME COURT
OF
NEVADA

(O) 1947A

15-31610

if it is endorsed in blank . . . ."); NRS 104.3205(2) ("When endorsed in blank, an instrument becomes payable to bearer *and may be negotiated by transfer of possession alone . . . .*" (emphasis added))[1]; *see also Edelstein*, 128 Nev., Adv. Op. 48, 286 P.3d at 261 ("If the note is payable to bearer, that 'indicates that the person in possession of the promise or order is entitled to payment.'" (quoting *Leyva*, 127 Nev. at 478, 255 P.3d at 1280)).

Thus, by demonstrating that it was in possession of appellants' note that was endorsed in blank by appellants' original lender, CAM Mortgage established that the note had been properly negotiated and that CAM Mortgage was entitled to enforce it. This was a legal conclusion that was properly reached by the district court and that rendered an evidentiary hearing regarding additional supporting documentation unnecessary. As such, the district court was within its discretion in denying appellants' petition for judicial review without holding an evidentiary hearing. *See* FMR 21(2) (2013) (providing the district court with the discretion to determine the extent to which an evidentiary hearing is necessary). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[1]In other words, a second or third blank endorsement is unnecessary. To the extent that appellants suggest that the FMP Rules impose requirements beyond those in the Uniform Commercial Code, we reject this suggestion.

cc: Hon. Kathleen E. Delaney, District Judge
M. Nelson Segel, Settlement Judge
James S. Kent
Wright, Finlay & Zak, LLP/Las Vegas
Aldridge Pite, LLP
Eighth District Court Clerk